IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JANE GARSKA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 8:08CV387 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **SLM CORPORATION, SALLIE MAE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the plaintiff's Motion for Jury Trial (Filing No. 17). The plaintiff makes a jury demand and seeks to change the designation of trial to North Platte, Nebraska, from Omaha, Nebraska. The defendant filed a brief (Filing No. 18) in opposition to the motion. The plaintiff filed a reply brief (Filing No. 19), with an affidavit from counsel attached to the motion.

**BACKGROUND**

According to the allegations in the complaint, the plaintiff is a resident of Ogallala, Keith County, Nebraska and is 72 years of age. **See** Filing No. 1, Ex. 1 ¶ 1. The defendant, a New Jersey corporation, sent numerous bills and made numerous phone calls to the plaintiff attempting to collect money due on a student loan. *Id.* ¶¶ 2-3. The plaintiff denies every signing, agreeing to co-sign, or receiving any loan proceeds. *Id.* ¶ 4. The plaintiff denies she owes the defendant any money and suggests it may be a case of identity theft. *Id.* ¶¶ 4, 11. Based on these allegations, the plaintiff filed an action in the District Court of Keith County, Nebraska, on July 25, 2008. *Id.* The plaintiff seeks declaratory judgment regarding the student loan. *Id.* (Claim I). Additionally, the plaintiff seeks compensation associated with her loss of favorable credit and other damages under the Fair Debt Collection Practices Act. *Id.* (Claim II and Claim III). Counsel for the plaintiff has an office in Ogallala, Nebraska.

On August 25, 2008, the defendant removed the action to the United States District Court fo the District of Nebraska. **See** Filing No. 1. At that time, the defendant requested that any trial of this matter be held in Omaha, Nebraska. *Id.* p. 3. On October 2, 2008, the

defendant filed a motion (Filing No. 12) for partial dismissal of the plaintiff's complaint and an answer (Filing No. 15). Counsel of record for the defendant have offices in Omaha, Nebraska; Indianapolis, Indiana; and Kansas City, Missouri.

On October 9, 2008, the plaintiff filed a reply (Filing No. 16) to the defendant's answer, denying the new allegations and affirmative defenses made by the defendant. At that time, the plaintiff made a request for jury trial to be held in North Platte, Nebraska. On October 15, 2008, the plaintiff filed the instant motion titled "Motion for Jury Trial", which states in its entirety: "COMES NOW the Plaintiff, Jane Garska, by and through her attorneys of record, and moves the Court for an Order scheduling a Jury trial in this matter in the United States District Court sitting in North Platte, Nebraska." **See** Filing No. 17.

The defendant opposes the plaintiff's motion with regard to changing the place of trial.[1] Specifically, the defendant contends the plaintiff's motion is untimely and unsupported by fact or law. The plaintiff's counsel explains the lateness of the motion by stating counsel believed a response was not due until ten days after receipt of the defendant's answer. **See** Filing No. 19 - Harvoy Aff. ¶ 4. Further, counsel for the plaintiff states the loan at issue was issued to a school and borrower located in eastern Colorado. *Id.* ¶ 5. Finally, counsel states, "the closest place for trial for the Plaintiff and witnesses would be North Platte, Nebraska." *Id.* ¶ 5.

## ANALYSIS

The relevant local rule, NECivR 40.1(b) provides:

> The . . . removing party at the time of filing a petition for removal shall make written request for trial of the case at Omaha, Lincoln, or North Platte. . . . [T]he plaintiff in a removed action within ten (10) business days after service of the notice of removal, may file a written request for trial at Omaha, Lincoln, or North Platte. If the request is for a place different from that requested by the . . . removing party, it must be filed as a motion. Any other party then shall have ten (10) business days to respond.

---

[1] The defendant does not oppose the plaintiff's demand for jury trial.

In deciding the place of trial, "the judge shall consider the convenience of litigants, witnesses and counsel." NECivR 40.1(b)(2). Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another. **See** 28 U.S.C. § 1404(a). Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district. *Id.* Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight. *Standard Office Sys. v. Ricoh Corp.*, 742 F. Supp. 534, 537 (W.D. Ark. 1990). The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice." **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(2) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted. **See** NECivR 40.1(b); **compare** *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears burden under section 1404(a)). The filer's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant. *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1994); *Gen. Comm. of Adjustment v. Burlington N.R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. *Nelson v. Bekins Van Lines Co.*, 747 F. Supp. 532, 535 (D. Minn. 1990) (**citing** *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); *General Comm.*, 895 F. Supp. at 252; **see also** *Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990).

The convenience of the plaintiff and her counsel clearly favor trial to be held in North Platte, Nebraska. The court has no other evidence suggesting trial would be more convenient in a different location. There appears to be some speculation that there may

3

be one or more witnesses from eastern Colorado or otherwise outside the state of Nebraska. Additionally, the defendant and its counsel may prefer Omaha, but they provided no evidence showing the location or number of witnesses who may more conveniently travel to Omaha for trial. The defendant shows no witness is from Omaha. On the basis of the information before the court, North Platte appears to be a more convenient place for trial than Omaha, Nebraska. The relative convenience of the plaintiff for trial in North Platte outweighs the convenience to the defendant of having trial in Omaha.

The court declines to deny the plaintiff's motion based on delay. The plaintiff filed the request with her reply to the defendant's answer. The matter has not yet been scheduled for trial and no discovery has yet taken place. The plaintiff's brief delay in filing the motion to change the place of trial does not unfairly prejudice the defendant. Upon consideration,

**IT IS ORDERED:**

1.    The plaintiff's motion titled "Motion for Jury Trial" (Filing No. 17) is granted.

2.    The Clerk of Court shall amend the docket sheet to reflect the place of trial is North Platte, Nebraska.

DATED this 4th day of November, 2008.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge