IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JANE GARSKA,                              )
                                          )        8:08CV387
              Plaintiff,                  )
                                          )
       v.                                 )
                                          )        MEMORANDUM AND ORDER
SLM CORPORATION, SALLIE MAE,              )
                                          )
              Defendant.                  )
_____   )

       This matter is before the court on defendant Sallie Mae's motion to dismiss pursuant
to Fed. R. Civ. P. 12(b)(6).  Filing No. 12.  Plaintiff sued Sallie Mae initially in the District
Court of Keith County, Nebraska.  Sallie Mae then removed the case to this court.  Plaintiff
alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., and
the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and seeks
declaratory judgment against Sallie Mae.  Plaintiff contends that Sallie Mae has sent
numerous bills and made numerous phone calls alleging she owes money for student
loans.  Plaintiff alleges that she has never signed or co-signed or received loan proceeds
from the Sallie Mae.

       Under the Federal Rules, a complaint must contain "a short and plain statement of
the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.  8(a)(2).  The rules
require a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atlantic
Corp. v. Twombly*, 550 U.S.544, —, 127 S. Ct. 1955, 1965 n.3 (2007).  "Specific facts are
not necessary; the statement need only 'give the defendant fair notice of what the . . . claim
is and the grounds upon which it rests.'"  *Erickson v. Pardus*, — U.S. —, —, 127 S. Ct.
2197, 2200 (2007) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. at —, 127 S. Ct. at

1964).  In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1965.

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.  *Id.*  "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level."  *Id*.  In other words, the complaint must plead "enough facts to state a claim for relief that is plausible."  *Id.* at 1974. Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim.  *See id*. at 1966*; Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged).  When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6).  *Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1966.

Sallie Mae moves to dismiss alleging it is not a debt collector under the FDCPA. In order to bring an action against the Sallie Mae under the FDCPA, the plaintiff must allege that the Sallie Mae is a debt collector.   15 U.S.C. § 1692a(6)(F)(iii); *Pelfrey v. Educational Credit Mgmt. Corp*., 71 F. Supp. 2d 1161, 1170 (N.D. Ala. 1999) (student loan servicers not subject to FDCPA, as long as they began servicing the loan before the borrower defaulted); *Jones v. Intuition, Inc*., 12 F. Supp. 2d 775, 779 (W.D. Tenn. 1998) (same); Coppola v. Connecticut Student Loan Found., 1989 WL 47419 *2 (D. Conn. 1989)

(same); *Fischer v. UNIPAC Serv. Corp. and Student Loan Mktg. Ass'n*, 519 N.W.2d 793, 799-800 (Iowa 1994) (same).

The court agrees with the Sallie Mae.[1]  Nowhere in the complaint does plaintiff allege that Salle Mae is a debt collector pursuant to the FDCPA.  A debt collector is a person whose "principal [business] purpose is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owned or due or asserted to be due another."  15 U.S. C. § 1692a(6).  This term does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due to another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person. . . ." 15 U.S.C. § 1692a(F)(iii).  The court concludes that plaintiff has not made a showing that Sallie Mae is a debt collector within the meaning of the FDCPA.  Accordingly, the court will dismiss the FDCPA claim against Sallie Mae as alleged in the third cause of action.

THEREFORE, IT IS ORDERED that Sallie Mae's motion to dismiss the third cause of action for violation of the FDCPA, Filing No. 12, is granted, and plaintiff's third cause of action against Sallie Mae is dismissed.

DATED this 25th day of November, 2008.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

---

[1]The court notes that plaintiff did not respond to this motion to dismiss.

3